UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY LEE FREEZE,

    Plaintiff,

v.                               Case No: 2:18-cv-114-FtM-29NPM

CARLOS VELARDE, KERI FITZPATRICK, DONALD SAWYER, Dr., and GENNA MARX BRISSON,

    Defendants.

_____

**ORDER**

This matter comes before the Court on Defendants Dr. Donald Sawyer, Carlos Velarde, and Keri Fitzpatrick's Motion to Dismiss (Doc. #32) filed on March 18, 2019. In Response, Plaintiff moved to Strike the Motion to Dismiss. (Doc. #33). For the reasons set forth below, Defendants' motion is granted.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal,

556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

## II.

Plaintiff who is civilly committed to the Florida Civil Commitment Center (FCCC) initiated this Civil Rights Complaint alleging Defendants: (1) violated his right to work under Florida's Constitution Article I § 6; (2) violated his Fourteenth Amendment due process rights; (3) violated his Eighth Amendment right to be free from deliberate indifference, and cruel and unusual punishment; (4) circumvented the PRG-24 resident work program; and (5) pay slave labor hourly wages. (Doc. #1 at 4).

Plaintiff applied for a job in the FCCC computer lab. (Doc. #1 at 4-5). After being denied the job three times, Plaintiff

filed several grievances alleging that the librarian at the FCCC, Fitzpatrick "circumvented his ability to get the job." (Doc. #1 at 5). Defendant Velarade, the FCCC job coordinator, explained to Plaintiff that the computer lab supervisor decides who gets the job in the computer lab. (Doc. #1 at 5). Dr. Sawyer the FCCC Administrator denied Plaintiff's grievance telling him "work is a privilege and not an automatic Mr. Freeze. Please continue to apply you will receive a position at some point." (Doc. #1 at 5).

Plaintiff also filed a grievance with Defendant Brisson, the Vice-President of Operations with Correct Care Recovery Solutions (CCRS), telling her that he would file a lawsuit if CCRS refused to give him the computer lab job. Brisson denied Plaintiff's grievance.

After his grievances were denied, Plaintiff filed this suit. Plaintiff moves the Court to impose an order on the FCCC to increase the hourly wage rate to $4.00 per hour, to force Defendants to pay Plaintiff punitive damages, declaratory and compensatory damages, and to impose a right to work order on the facility that they obey this policy. (Doc. #1 at 7).

Plaintiff attached a copy of the PRG-24 Resident Employment, Apprenticeships, Vocations from the FCCC Policy manual regarding employment at the FCCC as an exhibit to his Complaint. Plaintiff notes that the objectives of employment include "ensuring the residents who seek employment are matched with positions

commensurate with their individual ability, experience and privilege level." (Doc. #1-1 at 3).

**III.**

While Plaintiff's Complaint is not a model of clarity, he appears to claim that he has a right to the job in the computer lab because he applied for the position, that his constitutional rights were violated by the FCCC grievance process, and that the FCCC should pay civilly committed employees $4.00 per hour.

The Fourteenth Amendment of the United States Constitution provides, in part, that the State may not "deprive any person of life, liberty, or property, without due process of law[.]" Thus, "a § 1983 claim alleging a denial of procedural due process, requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003) (citing Cryder v. Oxendine, 24 F.3d 175, 177 (11th Cir.1994)). To have a property interest, Plaintiff must show "more than an abstract need or desire for it .... He must, instead, have a legitimate claim of entitlement to it" under state or federal law. Barker v. Sheldon, No. 209-CV-701-FTM-29SPC, 2010 WL 672767, at *4 (M.D. Fla. Feb. 23, 2010) (citing Bd. of Regents v. Roth, 408 U.S. 564, 577 (1972)).

As an initial matter, the FCCC is not a prison, and Plaintiff is not a prisoner. See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). Instead, Plaintiff is involuntarily, civilly committed. The Eleventh Circuit has held that "the due process rights of the involuntarily civilly committed are 'at least as extensive' as the Eighth Amendment 'rights of the criminally institutionalized.'" Lavender v. Kearney, 206 F. App'x 860, 862-63 (11th Cir. 2006) (citing Youngberg v. Romeo, 457 U.S. 307, 322 (1982)). Accordingly, "relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed." Id. at 863 (citing Dolihite v. Maughon By and Through Videon, 74 F.3d 1027, 1041 (11th Cir. 1996)).

The Eleventh Circuit has held that an inmate does not have a constitutionally protected property interest in a job assignment and does not have an expectation of keeping a certain job. See Searcy v Prison Rehab. Indus. & Ent.,Inc. 746 F. App'x 790, 795 (11th Cir. 2018). Further Rule PRG-24 does not guarantee a specific job but states that employees will rotate every six months to a year to ensure that other residents can have the opportunity to work. (Doc. #1-1 at 4). Since Plaintiff does not have a constitutionally protected property interest in the FCCC computer lab job, his claim fails.

The Complaint also alludes to Defendants mishandling of

Plaintiff's FCCC internal grievances. Even if true, there is no § 1983 liability. Any FCCC official's failure to process, investigate, or respond to the FCCC's internal grievance is not a constitutional violation. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Thus, Plaintiff has no constitutionally protected liberty interest in the FCCC's grievance procedures.

Plaintiff claims that all civilly committed employees at the FCCC should be paid $4.00 per hour rather than the current $1.00 per hour wage. The Eleventh Circuit has held that the FLSA does not apply to individuals civilly confined under Florida's SVP Act because no employee-employer relationship exists. Bilal v. Kaupasta, No. 2:19-CV-73-FTM-60MRM, 2019 WL 4118765, at *2 (M.D. Fla. Aug. 29, 2019) (citing Troville v. Calabrese, 54 F. App'x 689 (11th Cir. 2002) (extending Villarreal v. Woodham, 113 F.3d 202, 204 (11th Cir. 1997), which held that the FSLA does not apply to criminal detainees under the "economic reality" test to civilly detained individuals under Florida SVP Act)). Plaintiff therefore fails to state a cognizable claim under § 1983.

Accordingly, it is hereby

**ORDERED:**

1. Defendants Dr. Donald Sawyer, Carlos Velarde, and Keri Fitzpatrick's Motion to Dismiss (Doc. #32) is **GRANTED.**

2. Plaintiff's case is **DISMISSED with prejudice**.

3. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of February 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: FTMP-2
Copies:
Counsel of Record